UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIL BAXLEY,<br><br>        Plaintiff,<br>v.<br><br>BJ'S WHOLESALE CLUB,<br><br>        Defendant. | NOTICE OF REMOVAL<br><br>Civil Action No. \_\_\_\_\_ |

TO: The Honorable Judges of the United States District Court, District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07101

Defendant, BJ's Wholesale Club ("BJ's"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby timely files this Notice of Removal of this action to the United States District Court for the District of New Jersey, and respectfully states the following:

    1.    On or about September 10, 2021, Plaintiff, Jamil Baxley ("Baxley"), filed a civil action against BJ's in the Superior Court of New Jersey Law Division, Hudson County, Civil Action No. HUD-L-3567-21.

    2.    BJ's first received the Summons and Complaint on September 14, 2021.

    3.    The Superior Court of New Jersey Law Division, Hudson County lies within the United States District Court for the District of New Jersey.

    4.    BJ's files this Notice of Removal within thirty (30) days of its receipt of the

1

Summons and Complaint.

5. The United States District Court for the District of New Jersey has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship.

6. The Complaint alleges a cause of action for discrimination and retaliation under New Jersey law allegedly arising from Plaintiff's employment and cessation of employment with BJ's.

7. There is complete diversity of citizenship between Baxley and BJ's pursuant to 28 U.S.C. § 1332(a) and (c)(1). In particular:

    a) The Complaint alleges that Baxley is a resident of the State of New Jersey. *See* Complaint at page 1;

    b) BJ's is a corporation organized under the laws of the State of Delaware, with a principal place of business in the State of Massachusetts, and was not and is not a citizen of the State of New Jersey, wherein this action was brought.

8. The amount in controversy exceeds $75,000.00. The Complaint seeks "[c]ompensatory damages of not less than $150,000," in addition to interest, punitive and emotional distress damages and attorneys fees. *See* Complaint at page 8 (Prayer for Relief).

9. Accordingly, federal diversity jurisdiction exists, and the entire action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

10. As required by 28 U.S.C. § 1446(b), BJ's has attached to this Notice of Removal copies of all processes and pleadings BJ's has received in this action. These processes and pleadings are attached as follows:

| Document | Exhibit |
|----------|---------|
| Complaint | 1 |
| Summons | 2 |

10. As required by 28 U.S.C. § 1446(d), copies of this Notice of Removal are this day being served upon all adverse parties and are being filed with the Clerk of the Superior Court of New Jersey, Hudson County.

**WHEREFORE**, Defendant respectfully requests this civil action be removed to this United States District Court for the District of New Jersey.

Respectfully submitted,

Dated:  October 12, 2021

STEVENS & LEE

By: *Brad M. Kushner*
Brad M. Kushner (ID No. 01583-2009)
brad.kushner@stevenslee.com
1500 Market Street, East Tower
Suite 1800
Philadelphia, Pennsylvania  19102
(215) 751-1949

MORGAN, BROWN & JOY, LLP
Joseph P. McConnell (*pro hac vice* forthcoming)
jmcconnell@morganbrown.com
Catherine Scott (*pro hac vice* forthcoming)
cscott@morganbrown.com
200 State Street
Boston, MA 02109
617 523-6666

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Brad M. Kushner, certify that on this 12th day of October, 2021, a copy of the foregoing document was served upon counsel for plaintiff via first class mail addressed as follows:

>Ty Hyderally, Esq.
>Hyderally & Associates, P.C.
>33 Plymouth Street, Suite 202
>Montclair, New Jersey 07042

>/s/ Brad M. Kushner
>Brad M. Kushner

SL1 1713616v1 110158.00013

Ty Hyderally, Esq. (Atty. ID No.: 23231993)
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Jamil Baxley

| | |
|---|---|
| JAMIL BAXLEY, <br><br> PLAINTIFF, <br><br> VS. <br><br> BJ'S WHOLESALE CLUB, JOHN DOES 1-10, AND XYZ CORP. 1-10, <br><br> DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: HUDSON COUNTY <br> DOCKET NO.: HUD-L- <br><br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Jamil Baxley ("Baxley" or "Plaintiff"), who resides at 205 North 13th Street, Newark, NJ 07107, by way of this Complaint against Defendants, BJ's Wholesale Club ("BJ's" or "Corporate Defendant"), John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively "Defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("LAD") (racial discrimination); (2) a violation of the LAD (gender discrimination); and (3) a violation of the LAD (retaliation).
2. This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.
3. Venue is appropriate in this court since Plaintiff worked in Hudson County during the relevant time period, Defendants have a location and do business in Hudson County, and some of the causes of action accrued in Hudson County.

## II. Parties

4. Baxley worked at BJ's at their Kearny location, located at 180 Passaic Avenue, Kearny, NJ 07032.

5. On information and belief, BJ's is a membership-only warehouse club chain based in Massachusetts, with warehouse locations in New Jersey and elsewhere on the East Coast.

6. Baxley was an employee of the Defendant Corporation and performed job related duties in the State of New Jersey.

7. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

8. During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

9. Thus, all Defendants are subject to suit under the statutes cited.

10. At all times referred to in this Complaint, employees of the Corporate Defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the Corporate Defendant ratified, embraced and added to their conduct.

## III. Factual Allegations

11. On or about April 20, 2020, Baxley started working in the maintenance/utility department of BJ's, at an hourly rate of pay of $12.85.

12. Baxley's normal work schedule was Monday through Friday from 2:00PM to 10:00 PM.

13. Baxley's duties included sweeping the floors of the club, cleaning breakrooms, cleaning restrooms, and mopping up spills.
14. On May 10, 2021, between the hours of 7:30 and 8:30 P.M., Baxley prepared to clean the women's restroom of BJ's.
15. Baxley, who is male, first knocked on the wall adjacent to the restroom to ensure no customers were inside.
16. Baxley then placed his cart in front of the entrance to the restroom, as he was trained to do, and proceeded to clean the restroom.
17. A female customer moved Baxley's cart and entered the restroom.
18. Baxley explained that he was cleaning the restroom, to which the customer answered that "she didn't give a f*ck" and pushed past him.
19. Baxley told the customer he was calling Security.
20. When Baxley exited the restroom, he saw two managers approaching the restroom area.
21. Baxley explained to the managers, India (lnu) and Evionne (lnu), that he was in the middle of cleaning the women's restroom when a customer moved his cart to enter and cursed at him.
22. When the customer, who appeared to be Hispanic, exited the restroom, she called Baxley a "nigger".
23. Baxley, who is African American, told her not to call him that word, to which she replied "f*ck you, nigger" and stuck her middle finger up at Baxley.
24. Baxley's managers witnessed this exchange, as did Security, cashiers, and other customers.
25. Baxley was told to go back to work, despite the appalling racism and discrimination to which he had just been subjected.
26. Twenty minutes after Baxley was told to return to work, he was called into the offices of Human Resources.
27. The female manager, Evionne (lnu), told Baxley that he was suspended until further notice.
28. Evionne, a female, took this action to support the female customer, despite the fact that Evionne heard the racist slur being made by the customer.
29. Defendants' action was discriminatory against Baxley due to his race, African American, and his gender, male.
30. On May 12, 2021, Baxley returned to BJ's to speak about this incident with the General

Manager.

31. Baxley expressed his dismay that he had been suspended because he was subjected to a customer's racist rant.

32. Baxley also complained that BJ's had discriminated against him due to his race and gender, as BJ's took the side of a non-African American woman who subjected him to racism and profanities.

33. Despite this, BJ's went forward with suspending Baxley without pay as of May 10, 2021.

34. Unfortunately, Defendants' retaliatory action did not end there.

35. On May 14, 2021, Defendants engaged in the ultimate act of retaliation.

36. The General Manager, Maksim (Inu), called Baxley to say that Baxley was terminated due to this incident.

37. Baxley was shocked by the termination, which was obviously discriminatory based on his race and gender, and done in retaliation for his complaints of race and gender discrimination.

38. At the time of his suspension, on May 10, 2021, Plaintiff was making a salary of $12.85 per hour, for approximately thirty-seven and a half (37.5) hours per week. Further, Plaintiff received paid vacation, company paid holidays, sick days, personal days, short term disability insurance, and long term disability insurance.

39. These benefits of employment make up Plaintiff's claim for damages.

### Count I
### LAD
### (Race Discrimination/Harassment)

40. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

41. The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, by engaging in acts of racial discrimination/harassment.

42. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff may have to incur

43. expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

43. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count II
### LAD
### (Gender Discrimination)

44. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

45. The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, by discriminating against Plaintiff based upon Plaintiff's gender and retaliating against Plaintiff for complaining about such discrimination.

46. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

47. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count III
### LAD
### (Retaliation)

48. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

49. The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, by retaliating against plaintiff for complaining about racial and gender discrimination/harassment.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional

distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

51. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## RELIEF REQUESTED

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A. Compensatory damages of not less than $150,000;

B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C. Damages for humiliation, mental and emotional distress;

D. Statutory damages, if applicable;

E. Punitive damages and/or liquidated damages where permitted by law;

F. Attorneys' fees and costs of suit;

G. Lawful interest, including pre-judgment interest on lost wages;

H. Lawful interest, including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:    September 10, 2021

                                            HYDERALLY & ASSOCIATES, P.C.
                                            *Attorneys for Plaintiff*

By: _____
      TY HYDERALLY, Esq.
      For the Firm

T:\server\Hyderally & Associates\Baxley Jamil\Pleadings\071421.COM.docx

# Civil Case Information Statement

### Case Details: HUDSON | Civil Part Docket# L-003567-21

Case Caption: BAXLEY JAMIL VS BJ'S WHOLESALE CLUB
Case Initiation Date: 09/10/2021
Attorney Name: TY HYDERALLY
Firm Name: HYDERALLY & ASSOCIATES, P.C.
Address: 33 PLYMOUTH ST STE 202
MONTCLAIR NJ 07042
Phone: 9735098500
Name of Party: PLAINTIFF : Baxley, Jamii
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Jamil Baxley? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/10/2021
Dated

/s/ TY HYDERALLY
Signed

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 748-4400
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    SEPTEMBER 10, 2021
                        RE:      BAXLEY JAMIL   VS BJ'S WHOLESALE CLUB
                        DOCKET:  HUD L -003567 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MARYBETH ROGERS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (201) 748-4400.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                   ATT: TY HYDERALLY
                                   HYDERALLY & ASSOCIATES, P.C.
                                   33 PLYMOUTH ST
                                   STE 202
                                   MONTCLAIR       NJ 07042

ECOURTS
```

**Ty Hyderally, Esq. (ID#023231993)**
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Jamil Baxley

| | |
|---|---|
| JAMIL BAXLEY, <br><br> PLAINTIFF, <br><br> VS. <br><br> BJ'S WHOLESALE CLUB, JOHN DOES 1-10, AND XYZ CORP. 1-10, <br><br> DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: HUDSON COUNTY <br> DOCKET NO.: HUD-L-3567-21 <br><br> CIVIL ACTION <br><br> SUMMONS |

### BJ'S WHOLESALE CLUB

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith, Esq.*

Michelle M. Smith, Esq.,
Clerk of the Superior Court

DATED: September 13, 2021

**Name of Defendant to be served:**

BJ'S WHOLESALE CLUB

**Address of the Defendant to be served:**

180 Passaic Avenue
Kearny, NJ 07032

**Phone Number:**

(201) 246-7570

T:\Baxley Jamil\Pleadings\091521.SUM Bjs.doc